# 96 DTA 137

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

LUIS H. BARREIRO
Demandante-Recurrido

v.

CIB CORPORATION, ETC.
Demandada-Peticionaria

Núm. KLCE-96-00195

San Juan, Puerto Rico, a 23 de septiembre de 1996

Panel integrado por su presidenta, la Juez Fiol Matta, la Juez Rodríguez de Oronoz y el Juez Gierbolini

Gilberto Gierbolini, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

CIB Dominicana, S.A. (CIB Dominicana), una corporación organizada bajo las leyes de la

República Dominicana, nos solicita mediante recurso de *certiorari* que revisemos y revoquemos la Orden del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 29 de enero de 1996 y notificada a las partes el 6 de febrero del mismo año en el pleito civil que llevan las partes del caso de epígrafe. En dicha orden, el tribunal de instancia declaró No Ha Lugar la solicitud de la peticionaria para que dicho foro desestimara el caso de forma sumaria. En su Petición de *Certiorari*, CIB Dominicana nos plantea que los tribunales de Puerto Rico debemos abstenernos de ejercer jurisdicción sobre la reclamación instada en su contra en virtud de la doctrina de *"forum non conveniens"*. Luego de haber examinado los hechos del caso, así como el derecho aplicable, hemos determinado que procede **CONFIRMAR** la Orden del Tribunal de Primera Instancia.

# I

CIB Dominicana una entidad corporativa organizada bajo las leyes de la República Dominicana, contrató los servicios del demandante-recurrido, Sr. Luis H. Barreiro, como Gerente de Operaciones y Ventas en la República Dominicana. El contrato de trabajo fue suscrito en Puerto Rico el 26 de mayo de 1992 ante el Notario Público Vicente Rodríguez Feliciano, y según sus términos, tuvo efectividad desde la misma fecha de su otorgamiento. A esa fecha el señor Barreiro residía en Carolina, Puerto Rico. La CIB Dominicana, por su parte, estuvo representada por el Sr. Gerónimo Quijano, funcionario de la CIB Dominicana que residía en Puerto Rico.

El contrato de trabajo, entre otras cosas, establece el término de vigencia, el sueldo que recibiría el señor Barreiro, así como las compensaciones a las que tendría derecho. Este documento, además, contiene una parte aclaratoria firmada por Barreiro y el representante de CIB Dominicana. La misma contiene, entre otras cosas, una enmienda al término de duración del contrato de empleo (cinco años, en lugar de los dos que expresaba originalmente el contrato), y una cláusula penal que dispone lo siguiente:

*"ACLARACION*

*SEGUNDO: Si CIB Dominicana decidiera dar por terminado el contrato antes de los cinco años sin causa justificada, vendría obligada a retribuir la cantidad de $35,000.00 dolares [sic] (U.S.) y cualquier otro beneficio, como vacaciones, a que tenga derecho según las leyes del Estado Libre Asociado de Puerto Rico.."*. Apéndice de la Petición de *Certiorari*, a la página 69.

El señor Barreiro comenzó a prestar los servicios en la República Dominicana según lo acordado. El 10 de febrero de 1994, sin embargo, casi dos años después de firmado el contrato, fue despedido. Ante esta situación, el 26 de septiembre de 1994, el señor Barreiro acudió a los tribunales de Puerto Rico para instar una demanda contra CIB Corporation y contra la peticionaria CIB Dominicana. ■ En su demanda el señor Barreiro alegó que fue despedido sin que mediara justa causa, por lo que reclamó el pago de los $35,000.00 que establecía el contrato según el texto antes transcrito.

El 14 de diciembre de 1994 CIB Dominicana contestó la demanda. En su escrito, aceptó la existencia de la relación contractual con el señor Barreiro. Sin embargo, como defensas afirmativas planteó, entre otras cosas, que eran los tribunales de la República Dominicana los que tienen la competencia para tramitar el presente caso. Con ese propósito, invocó la doctrina de *"forum non conveniens"*.

Ese mismo día, CIB Corporation, la otra entidad demandada, presentó su contestación a la demanda en la que planteó como defensa afirmativa la inexistencia de una relación contractual entre ella y el señor Barreiro.

Luego de varios incidentes procesales, CIB Dominicana presentó en el foro de instancia una solicitud de sentencia sumaria. En ella planteó que aunque los tribunales de Puerto Rico tenían jurisdicción para dilucidar la controversia, el foro de instancia no debía ejercerla, ya que a la luz de la doctrina de contactos dominantes y la de *"forum non conveniens"*, el foro apropiado para considerar la reclamación lo eran las cortes de la República Dominicana.

El foro de instancia no aceptó esta contención y el 29 de enero de 1996 declaró la solicitud No Ha Lugar. Esta determinación fue notificada a las partes el 6 de febrero de 1996. De esta determinación,

CIB Dominicana acude ante nos mediante recurso de *certiorari* en el que señala como único error el hecho de que el tribunal de instancia no desestimara la acción por ser un foro inadecuado para considerarla a la luz de las doctrinas antes señaladas.

Las partes coinciden en que los tribunales de Puerto Rico poseen jurisdicción sobre la presente reclamación. De hecho, CIB Dominicana no cuestiona la jurisdicción de los tribunales de Puerto Rico. Por el contrario, en su petición de *certiorari* afirma que *"[l]os tribunales puertorriqueños, aun cuando gozan de jurisdicción para entender en el asunto, no son el foro más conveniente para dilucidarlo"*, Petición de *Certiorari*, a la página 8. La controversia, entonces, queda circunscrita a determinar si los tribunales de Puerto Rico deben ejercer la jurisdicción que poseen o si al amparo de la doctrina de *"forum non conveniens"* es preferible no hacerlo.

El recurrido señor Barreiro compareció el 8 de abril de 1996. Así pues, con el beneficio de los escritos de las partes, y examinado el derecho aplicable, resolvemos.

## II

La doctrina de *"forum non conveniens"* ha tenido poca discusión en Puerto Rico a pesar de que tiene una larga historia; véase, Broucher, The Inconvenient Federal Forum, 60 Harv. L. Rev. 908 (1947). Esta doctrina comprende la facultad discrecional que poseen los tribunales para no ejercer la jurisdicción que efectivamente poseen sobre un caso, cuando las circunstancias aconsejan que sea tramitado en otro foro con jurisdicción. ■ Esta doctrina no es invocable en casos en los que el tribunal carece de jurisdicción, pues en estos casos, la falta de jurisdicción sobre la persona o sobre la materia constituye la defensa de la parte demandada. La doctrina de *"forum non conveniens"* es más bien, un principio de sabia administración de justicia, amparada en lo que es más conveniente para las partes a la luz de la existencia de más de un foro con jurisdicción para adjudicar la controversia o controversias que el caso plantea; véase, R. H. Graveson, *The Conflicts of Law* 152-53 (1969). En Puerto Rico, la doctrina de *"forum non conveniens"* no ha sido objeto de consideración detenida. El caso que le ha brindado mayor atención es *Marrero Reyes v. García Ramírez,* 105 D.P.R. 90 (1976); un caso sobre custodia de menores, en donde ante una controversia similar a la que nos ocupa, el Tribunal Supremo de Puerto Rico expresó lo siguiente:

*"Los tribunales debemos sopesar diversos factores para determinar si, aun gozando de jurisdicción, debemos abstenernos de ejercerla. Entre ellos debemos enumerar los siguientes: la suficiencia de la información disponible para aquilatar debidamente los hechos y formar juicio sobre el impacto del decreto que se dicte sobre la personalidad y el bienestar del menor; la sustancialidad de los contactos del foro con la controversia; el grado a que el ejercicio de jurisdicción pueda desalentar la multiplicación y prolongación de controversias sobre el asunto y contribuir a crear la estabilidad necesaria; el punto a que se tienda; como se debe tender, a evitar el secuestro unilateral de menores para fines de obtener un decreto de custodia; y el extremo en que se facilite el mayor respeto posible a las determinaciones de otros estados así como del propio foro, Id., a la página 100."*

La doctrina de *"forum non conveniens"* ha tenido mayor discusión en la jurisdicción federal. Así por ejemplo, en *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501 (1947), el Tribunal Supremo Federal identificó varios criterios que deben ser evaluados al momento de determinar la aplicabilidad de esta norma de abstención. Entre éstos cabe mencionar los siguientes:

*"the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Id.* a la página 508.

Otros factores que deben ser considerados son: el interés privado del litigante; la posibilidad de ejecutar la decisión judicial que finalmente sea emitida; si el ejercicio de la jurisdicción por parte del foro en cuestión constituye un obstáculo a la realización de un procedimiento judicial justo; y si la selección del foro ocasiona inconvenientes indebidos a la parte demandada, sobre todo si los mismos son innecesarios para que el demandante obtenga un remedio justo. Casos posteriores han reafirmado estos criterios; véanse *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985); *Piper Aircraft Co. v.*

*Reyno,* 454 U.S. 235 (1981).

La relación del foro con el derecho que debe ser aplicado a la controversia suscitada es otra consideración que debe tener presente un tribunal al momento de evaluar si los hechos y controversias del caso ameritan que sea otro el foro que pase juicio sobre el caso. Al respecto, el Supremo Federal manifestó lo siguiente:

*"There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself, Gulf Oil Corporation v. Gilbert, supra, a la página 509, [reafirmado en Van Cauwenberghe v. Biard, 486 U.S. 517, 528 (1988)]."*

Esta enumeración de factores por parte del tribunal no pretendió ser exhaustiva. De hecho, algunos factores pueden ser irrelevantes en el contexto de un caso en particular, *Van Cauwenberghe v. Biard, supra.* Por ello, la controversia de si un foro debe declinar ejercer jurisdicción en un pleito debe ser analizada· caso a caso, con conciencia de que la finalidad última de la doctrina de *"forum non conveniens"* es viabilizar un proceso judicial justo y eficiente.

Con lo anterior en mente, atendamos la controversia que plantea el presente caso.

### III

Como argumentos justificativos de su contención, CIB Dominicana nos plantea lo siguiente: que los servicios para los cuales el señor Barreiro fue contratado fueron prestados en República Dominicana, sede de la corporación peticionaria; que los hechos por los cuales fue despedido Barreiro ocurrieron en ese lugar; que es en la República Dominicana en donde están los testigos, *"cuyo testimonio sería indispensable para la adjudicación de la controversia"*; y que los récords corporativos están en la República Dominicana, Petición de *Certiorari,* a la página 7. A la luz de lo anterior, CIB Dominicana sostiene que la litigación del presente caso en Puerto Rico constituye *"una onerosa carga que afectaría la posibilidad de esgrimir una defensa adecuada ante la reclamación del demandante." Id.*

La contención de CIB Dominicana no nos persuade. Nótese que el contrato fue suscrito en Puerto Rico, ante un Notario Público de este país, y de conformidad con la formalidades que en nuestro ordenamiento jurídico rigen en materia de obligaciones y contratos. Más aún, con su acción Barreiro tan sólo pretende poner en vigor la cláusula penal que las partes incluyeron en el contrato de empleo mediante la cual, de Barreiro prevalecer, CIB Dominicana deberá retribuirle la cantidad de $35,000.00 y los beneficios a los que tenga derecho *"según las leyes del Estado Libre Asociado de Puerto Rico".* En este contexto, la resolución de la presente controversia requiere aplicar legislación de Puerto Rico. Ciertamente los tribunales de Puerto Rico están en mejor posición que cualquier otra jurisdicción para interpretar nuestra legislación laboral.

Por otro lado, no nos parece que la tramitación del caso en Puerto Rico represente una carga onerosa para CIB Dominicana. El traslado de documentos y cualquier otra prueba pertinente al litigio no constituye una gestión que represente inconvenientes indebidos para CIB Dominicana de forma tal que el ejercicio de la jurisdicción por parte de los tribunales de Puerto Rico pueda frustrar la justicia, más aún cuando dicha entidad posee funcionarios que residen en Puerto Rico; véase, Petición de *Certiorari,* a la página 7.

Todos estos factores nos convencen de que son los tribunales de Puerto Rico los que están en mejor condición para adjudicar la reclamación conforme el derecho vigente en este país.

### IV

Por los fundamentos antes expuestos, **EXPEDIMOS** el auto, **CONFIRMAMOS** la Resolución recurrida y **DEVOLVEMOS** el caso al foro de instancia para procedimientos posteriores compatibles con lo aquí expresado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

### ESCOLIOS 96 DTA 137

**1.** En el párrafo tercero de su demanda el señor Barreiro expuso:

   *"3. Que el demandante recibía un salario de $1,450.00 mensuales. De éstos, parte era pagado por CIB Corporation y parte por CIB Dominicana",* Apéndice de la Petición de *Certiorari,* a la página 2.

**2.** El Black's Law Dictionary, la define del siguiente modo, *"term refers to discretionary power of court to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum",* Black's Law Dictionary 655 (1990); véase, además, Ignacio Rivera García, Diccionario de Términos Jurídicos 397 (1985).